IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>    PLAINTIFF,<br><br>    V.<br><br>OFFICER LATHAM and THE CITY OF KANKAKEE,<br><br>    DEFENDANTS | Case No: 14 CV 4609<br><br>Judge: |

## **COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, ANTHONY JOHNSON, by and through one of his attorneys, Blake Horwitz, Esq. from The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law, states the following against the DEFENDANTS, CITY OF KANKAKEE and OFFICER LATHAM, on personal knowledge as to PLAINTIFF and his actions and on information and belief as to DEFENDANTS and their actions.

## **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## **PARTIES**

2. Plaintiff, ANTHONY JOHNSON, is a resident of the State of Illinois and of the United States.

3. The KANKAKEE DEFENDANT OFFICER LATHAM, at all times relevant hereto, was employed by and acting on behalf of the CITY OF KANKAKEE.

1

4. The CITY OF KANKAKEE is a duly incorporated municipal corporation and is the employer and principal of the KANKAKEE DEFENDANT OFFICER, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the KANKAKEE DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF KANKAKEE.

## FACTS

5. On February 18, 2014, the DEFENDANT OFFICER was dispatched to the residence of Ray Norrick, located on 557 N Washington Ave., to investigate a broken window.

6. The Plaintiff, ANTHONY JOHNSON, resides at 543 N. Washington Ave.

7. ANTHONY JOHNSON is Ray Norrick's next-door neighbor.

8. ANTHONY JOHNSON was standing outside his house when DEFENDANT OFFICER arrived at the scene.

9. Ray Norrick informed the DEFENDANT OFFICER that one of the windows in his house broke because someone was throwing snowballs at it.

10. On February 18, 2014, ANTHONY JOHNSON was not at any time the focus or subject of the investigation that occurred at Ray Norrick's residence.

11. The DEFENDANT OFFICER lacked any reasonable suspicion that ANTHONY JOHNSON threw snowballs at Mr. Norrick's house and broke his window.

12. DEFENDANT OFFICER approached ANTHONY JOHNSON and informed him that there was a warrant out for his arrest that was unrelated to the snowball incident.

13. Subsequently, DEFENDANT OFFICER came into physical contact with ANTHONY JOHNSON.

14. DEFENDANT OFFICER struck ANTHONY JOHNSON with his hands.

15. The DEFENDANT OFFICER handcuffed ANTHONY JOHNSON.

16. DEFENDANT OFFICER forced ANTHONY JOHNSON to the ground.

17. While ANTHONY JOHNSON was on the ground DEFENDANT OFFICER pressed his knee onto ANTHONY JOHNSON'S back.

18. The DEFENDANT OFFICER arrested ANTHONY JOHNSON for resisting arrest and obstruction of justice.

19. On February 18, 2014, ANTHONY JOHNSON did not obstruct justice by any of the DEFENDANT OFFICER.

20. On February 18, 2014, ANTHONY JOHNSON did not batter and/or assault the DEFENDANT OFFICER.

21. The show of force initiated by and/or failure to intervene in the use of said force by DEFENDANT OFFICER was unreasonable.

22. On February 18, 2014, ANTHONY JOHNSON had not committed an act contrary to the laws of the State of Illinois.

23. All criminal charges filed against ANTHONY JOHNSON as a result of this incident with the DEFENDANT OFFICER were dismissed.

24. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICER, Plaintiff ANTHONY JOHNSON suffered sever injuries to his body and was forced to undergo medical treatment, sustained medical bills, and will continue to sustain medical bills in the future.

25. On February 18, 2014, KANKAKEE DEFENDANT OFFICER was on duty at all times relevant to this Complaint and said certain KANKAKEE DEFENDANT OFFICER was a duly appointed police officer for the CITY OF KANKAKEE.

26. The KANKAKEE DEFENDANT OFFICER engaged in the conduct complained, on said date, in the course and scope of employment and while on duty.

27. This action is being brought with regard to the individual capacity of said KANKAKEE DEFENDANT OFFICER.

## COUNT I
### Excessive Force Claim Pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution

28. PLAINTIFF re-alleges paragraphs 1-27 as though fully set forth herein.

29. The actions by the DEFENDANT OFFICER, alleged above, and the failure to intervene in these actions amounted to the excessive use of force on the PLAINTIFF.

30. The actions of the DEFENDANT OFFICER, alleged above, violated the Fourth Amendment to the United States Constitution.

31. The actions of the DEFENDANT OFFICER, alleged above, was the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANTS and award compensatory damages, costs and attorneys' fees. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICER as well as any other relief that this Court deems just and appropriate.

## COUNT II
### False Arrest
### 42 U.S.C § 1983 and the Fourth Amendment

32. PLAINTIFF re-alleges paragraphs 1-27 as though fully set forth herein.

33. On or about February 18, 2014, DEFENDANT OFFICER seized, handcuffed and PLAINTIFF, even though the DEFENDANT OFFICER had no reasonable suspicion that the PLAINTIFF had committed, was committing nor was going to commit criminal activity of any sort prior to his detention.

34. On or about February 18, 2014, DEFENDANT OFFICER arrested the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed, was committing or was going to commit criminal activity.

35. On or about February 18, 2014, DEFENDANT OFFICER detained the PLAINTIFF even after they recognized the warrant was improper against the PLAINTIFF.

36. The actions of the DEFENDANT OFFICER, alleged above, violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANTS and award compensatory damages, costs and attorneys' fees. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICER as well as any other relief that this Court deems just and appropriate.

## COUNT III
### False Arrest- State Law Claim

37. PLAINTIFF re-alleges paragraphs 1-27 as though fully set forth herein.

38. The DEFENDANT OFFICER arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT

5

OFFICER was in violation of the Constitution to the State of Illinois as well as Illinois law.

39.     The aforementioned actions of the DEFENDANT OFFICER was the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANTS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

### COUNT IV
### Battery- State Law Claim

40.     PLAINTIFF re-alleges paragraphs 1-27 as though fully set forth herein.

41.     The DEFENDANT OFFICER touched ANTHONY JOHNSON intentionally, without consent and without justification.

42.     The conduct of the DEFENDANT OFFICER was in violation of Illinois Law.

43.     The aforementioned actions of the DEFENDANT OFFICER was the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANTS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

### COUNT V
### Intentional Infliction of Emotional Distress- State Law Claim

44.     PLAINTIFF re-alleges paragraphs 1-27 as though fully set forth herein.

45.     The actions of the DEFENDANT OFFICER on or about February 18, 2014, alleged above, were extreme and outrageous. By and with these actions, the

DEFENDANT OFFICER intended to cause or recklessly disregarded the probability that they would cause severe physical and emotional distress to the PLAINTIFF.

46. These actions, alleged above, directly and proximately caused severe physical distress to the PLAINTIFF including a lumbar spine surgery.

47. The actions of the DEFENDANT OFFICER, alleged above, violated Illinois law.

48. The actions alleged in this Count were undertaken with malice, willfulness and reckless indifference to the rights of the PLAINTIFF.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANTS and award compensatory damages and costs.

## COUNT VI
### Malicious Prosecution

49. PLAINTIFF re-alleges paragraphs 1-27 as though fully set forth herein.

50. PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

51. The DEFENDANT OFFICER knew or should have known that the above-alleged accusations against PLAINTIFF of criminal activity were without probable cause.

52. The misconduct alleged herein was undertaken with malice, willfulness and reckless indifference to the rights of others.

WHEREFORE, PLAINTIFF requests that judgment be entered in his favor and demands compensatory damages from the DEFENDANT OFFICER, and THE CITY OF KANKAKEE. PLAINTIFF also demands punitive damages, costs and attorneys' fees

7

against the individual DEFENDANT and whatever additional relief this Court deems equitable and just.

## COUNT VII
## 745 ILCS 10/9-102 Claim Against the CITY of KANKAKEE

53. PLAINTIFF re-alleges paragraphs 1-52 as though fully set forth herein.

54. DEFENDANT CITY OF KANKAKEE is the employer of KANKAKEE DEFENDANT OFFICER.

55. The DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF KANKAKEE.

WHEREFORE, should the KANKAKEE DEFENDANT OFFICER be found liable for any of the alleged counts in this cause, Plaintiff, ANTHONY JOHNSON, demands that, pursuant to 745 ILCS 10/9-102, the CITY OF KANKAKEE pay any judgment obtained against the KANKAKEE DEFENDANT OFFICER as a result of this Complaint.

## JURY DEMAND

57. PLAINTIFF demands trial by jury.

                                        Respectfully submitted,

                                        s/_Blake Horwitz_____
                                        Attorney for the Plaintiff

**The Blake Horwitz Law Firm, Ltd.**
111 W. Washington Ave. Ste. 1611
Chicago, Illinois 60602
Phone (312) 676-2100
Fax (312) 445-8741